**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ZECHARIAH MICHAEL** | ) | |
| **GILBERT CHURCHILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **No. CIV 23-412-RAW-DES** |
| | ) | |
| **BRADLEY CLARK,** | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER
DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a motion requesting the Court to appoint counsel (Dkt. 3).  He bears the burden of convincing the Court that his claim has sufficient merit to warrant such appointment. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).  The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)).  After considering Plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the Court finds that appointment of counsel is not warranted.  *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**ACCORDINGLY,** Plaintiff's motion for appointment of counsel (Dkt. 3) is DENIED.

**IT IS SO ORDERED** this 12th day of February 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE